**CHENG QIU SUN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–2822–ag.

United States Court of Appeals, Second Circuit.

Dec. 19, 2006.

Michael Brown, New York, NY, for Petitioner.

Christopher J. Christie, United States Attorney, Neil R. Gallagher, Assistant United States Attorney, Newark, NJ, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Cheng Qiu Sun, a native and citizen of China, seeks review of a May 19, 2006 order of the BIA adopting and affirming immigration judge ("IJ") Paul DeFonzo's December 28, 2004 decision denying Sun's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Cheng Qiu Sun,* No. A95 377 792 (B.I.A. May 19, 2006), *aff'g* A95 377 792 (Immig. Ct. N.Y.

City Dec. 28, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings under the substantial evidence standard.

As a preliminary matter, this Court lacks jurisdiction to review the agency's finding that Sun's asylum application was time-barred. Petitioner's arguments attacking this finding are unavailing. Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). "Questions of law" include matters of statutory and regulatory construction. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 153–54 (2d Cir.2006); *Joaquin–Porras v. Gonzales,* 435 F.3d 172, 177–78 (2d Cir.2006). Sun argues that he presented sufficient documentation regarding the one-year issue, and that the IJ denied his right to due process by unfairly expecting him to have evidence of his arrival date four years after the actual arrival. There is no evidence that Sun was deprived of his right to due process. The IJ used the correct legal standard, placing the burden on Sun to show by clear and convincing evidence that he filed his application within one year of his arrival in the United States. *See* 8

C.F.R. § 1208.4(a)(2)(i)(A). The IJ also acknowledged that Sun may have been unprepared to focus on the one-year issue as the Department of Homeland Security moved to pretermit at Sun's merits hearing, and gave him the option to continue the hearing in order to gather more documentation. Sun's counsel declined, however, and indicated that he would go forward with the case. Sun was thus afforded a full and fair opportunity to prove that he had complied with the one-year deadline. This Court does not have jurisdiction to review the IJ's factual findings regarding Sun's date of entry. 8 U.S.C. § 1158(a)(3).

█ Although the IJ may have engaged in some impermissible speculation regarding one aspect of the adverse credibility determination, the IJ's determination is supported by non-erroneous findings, and we can confidently predict that those non-erroneous findings would lead the IJ to reach the same decision were the case remanded. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 161–62 (2d Cir. 2006). The IJ was reasonable in determining that Sun's initial disavowal of two separate inconsistencies and subsequent attempts to characterize the inconsistencies as mistakes by others undermined his overall credibility. Because Sun's testimony conflicted with his documentary evidence with respect to two key elements of his story, and because his efforts to minimize them as others' mistakes would not compel a reasonable adjudicator to accept his explanation, the IJ reasonably determined that the cumulative effect of the inconsistencies was to render Sun's family planning claims for withholding of removal and CAT relief not credible. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005). To the extent that Sun's CAT claim was based on his illegal departure from China, the IJ correctly noted that Sun's passport indicated that he left China legally and was thus not in danger of reprisal for violation of exit laws.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).